WALDRON, Appellant, v. SULLIVAN et al., Respondents (two cases). (Supreme Court, Appellate Division, Second Department. May 25, 1914.) Action by William F. Waldron against Catherine Sullivan and others.

PER CURIAM. Judgments affirmed, with costs to the respondents, including the guardian ad litem for the infant Teresa.

JENKS, P. J., takes no part.

---

WALDT v. GOODWIN MFG. CO. (Supreme Court, Appellate Division, First Department. May 8, 1914.) Action by Ralph Waldt against the Goodwin Manufacturing Company. No opinion. Motion granted upon payment by plaintiff of $30 trial fee, $10 costs of this motion, $10 costs and disbursements of the appeal in this court, and costs on the demurrer in the court below. Settle order on notice. See, also, 138 N. Y. Supp. 1147.

---

WALLACE, Appellant, v. HENDLEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 6, 1914.) Action by Frederick J. Wallace against Millward H. Hendley. No opinion. Judgment affirmed, with costs.

---

WANN, Appellant, v. AMY et al., Respondents, et al. (Supreme Court, Appellate Division, First Department. May 29, 1914.) Action by Anna L. Wann, as surviving trustee, etc., against Louis H. Amy and others. F. L. Kohlman, of New York City, for appellant. E. J. McGuire, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements, with leave to plaintiff to withdraw demurrer and to answer on payment of costs in this court and in the court below. Order filed.

---

WARNER, Respondent, v. GEORGE A. OTIS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 20, 1914.) Action by Francis L. Warner against the George A. Otis Company.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held: (1) That the plaintiff failed to show the defendant guilty of actionable negligence. (2) That even assuming that the defendant was negligent in maintaining the unguarded gas jet burning in the hallway from which the fire originated, such negligence was not a proximate cause of the plaintiff's injuries.

KRUSE, P. J., and LAMBERT, J., dissent, upon the ground that, although the burning gas jet was erroneously eliminated on the trial as a proximate cause, the verdict may be sustained upon the ground that the defendant's president negligently directed the plaintiff to take the burning bale from the building, and whether defendant's president was negligent or merely erred in judgment, was a question of fact.

---

WASHBURN et al., Appellants, v. SALMON, Respondent. (Supreme Court, Appellate Division, Second Department. May 25, 1914.) Action by Albert H. Washburn and others against William Salmon. No opinion. Order affirmed, with $10 costs and disbursements, on the authority of Segschneider v. Waring Hat Manufacturing Co., 134 App. Div. 217, 118 N. Y. Supp. 1000. See, also, 154 App. Div. 949, 139 N. Y. Supp. 1149.

---

In re WASHINGTON SAVINGS BANK. (Supreme Court, Appellate Division, First Department. April 24, 1914.) In the matter of the Washington Savings Bank, in liquidation. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

In re WATER FRONT ON NORTH RIVER IN CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. May 15, 1914.) In the matter of the City of New York as to title to water front on North River between West Eighteenth and West Twenty-Third streets. No opinion. Order affirmed, with costs. Order filed.

---

WEAVER, Appellant, v. CITY OF NEW YORK, Respondent. Supreme Court, Appellate Division, First Department. May 1, 1914.) Action by Maud Weaver, as administratrix, etc., against the City of New York. C. J. Belfer, of Brooklyn, for appellant. C. J. Nehrbas, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

---

WECHSLER, Appellant, v. RAWAK, Respondent. (Supreme Court, Appellate Division, First Department. April 24, 1914.) Action by Jacob Wechsler against George Rawak. A. K. Stricker, of New York City, for appellant. I. L. Ernst, of New York City, for respondent. No opinion. Judgment affirmed, with costs. Order filed. See, also, 158 App. Div. 922, 143 N. Y. Supp. 1149.

---

WEIBERT, Appellant, v. HANAN, Respondent. (Supreme Court, Appellate Division, Second Department. May 25, 1914.) Action by Charles J. Weibert against Herbert W. Hanan. No opinion. Judgment affirmed, with costs. See, also, 136 App. Div. 388, 121 N. Y. Supp. 35; 202 N. Y. 328, 95 N. E. 688.

---

WEIL, Respondent, v. F. I. A. T., Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1914.) Action by Carl Weil against F. I. A. T. No opinion. Judgment and order unanimously affirmed, with costs.

---

WEIL, Respondent, v. F. I. A. T., Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1914.) Action by Harry Weil, by Carl Weil, his guardian ad litem, against F. I. A. T.

PER CURIAM. Judgment and order unanimously affirmed, with costs. The evidence both as to negligence and the extent and gravity of plaintiff's injuries was conflicting, and therefore the jury were to determine the credibility and weight to be given to this testimony. As there was evidence to sustain their verdict, and appellant's exceptions to the rulings of the

court below present no error, we find no ground to interfere with the verdict and the judgment entered thereon.

**WEIL v. PEOPLE'S SURETY CO.** (Supreme Court, Appellate Division, First Department. April 24, 1914.) Action by Marcella Weil against the People's Surety Company. See memorandum per curiam (154 App. Div. 885, 138 N. Y. Supp. 1148).

**In re WEILL.** (Supreme Court, Appellate Division, First Department. May 1, 1914.) In the matter of Isaac Weill, an attorney. No opinion. Referred to official referee. Settle order on notice.

**WEISS, Respondent, v. NEW YORK TELEPHONE CO., Appellant.** (Supreme Court, Appellate Division, Second Department. April 24, 1914.) Action by Fanny Weiss against the New York Telephone Company. No opinion. Order unanimously affirmed, with costs.

**WELLS, Appellant, v. GAVIN, Respondent.** (Supreme Court, Appellate Division, Fourth Department. May 6, 1914.) Action by Abraham P. Wells against Martin J. Gavin. No opinion. Judgment and order affirmed, with costs.

**In re WENTZ' ESTATE.** (Supreme Court, Appellate Division, Fourth Department. May 6, 1914.) In the matter of the estate of Ellen F. Wentz, deceased. No opinion. Order affirmed, with costs.

**WEST, Respondent, v. NEW YORK TELEPHONE CO., Appellant.** (Supreme Court, Appellate Division, Second Department. May 15, 1914.) Action by William H. West, by Nellie Mack, his guardian ad litem, against the New York Telephone Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that the verdict of the jury was against the weight of evidence on the questions of plaintiff's freedom from contributory negligence and defendant's negligence.

**In re WESTCOTT.** (Supreme Court, Appellate Division, First Department. May 8, 1914.) In the matter of James H. Westcott, an attorney. No opinion. Referred to official referee. Settle order on notice.

**WESTERN NEW YORK INSTITUTE FOR DEAF MUTES v. BROOME COUNTY.** (Supreme Court, Appellate Division, Fourth Department. April 1, 1914.) Action by the Western New York Institute for Deaf Mutes against the County of Broome. No opinion. Judgment ordered in favor of the plaintiff upon the submission for the sum of $553.34, with interest thereon from the 14th day of March, 1908, with costs of the submission. See, also, 159 App. Div. 935, 144 N. Y. Supp. 1150.

**WHALEN, Respondent, v. POWERS, Appellant, et al.** (Supreme Court, Appellate Division, First Department. April 9, 1914.) Action by Henry F. Whalen against Richard H. Powers, impleaded with others. **M. J. Joyce,** of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

**WHITE, Appellant, v. SCHWEITZER et al., Respondents.** (Supreme Court, Appellate Division, Second Department. May 1, 1914.) Appeal from Trial Term, Nassau County. Action by William E. White against Nathan Schweitzer and another. Judgment for the defendants, and plaintiff appeals. Affirmed. See, also, 154 App. Div. 942, 139 N. Y. Supp. 1149. Hartwell Cabell, of New York City (C. Monteith Gilpin, of New York City, on the brief), for appellant. Max D. Steuer, of New York City, for respondents.

PER CURIAM. The former decision in this court (147 App. Div. 544, 550, 132 N. Y. Supp. 644) disposes of the question of acceptance. It is true that in the opinion it is said the sale of the goods by the commission merchants was not until some days after the notification to the vendor's agent, whereas it was some hours after. But the agent, receiving the two telegrams at 9:02 o'clock a. m., made no reply for several days, although he knew that instructions were asked, that the goods should be treated at once to arrest deterioration and sold at the earliest opportunity, both on account of their condition and the market, and that the defendants declared that they were acting for the vendor and that the goods were not sold but ordered to be sold only, and that a disavowal of defendants' action might stop the sale—in any case, that it would be an answer to the request for instructions and the defendants' proposed action in the vendor's behalf. Of course, the vendor did not want the sale stopped if the goods were at its risk. A sense of ordinary fair conduct in business required the defendants to do what they did, and any attempt at adroitness on the vendor's part should not inure to its benefit. The vendor had a right to stand upon a position that it sold scalded-picked turkeys delivered on the cars at Maysville, Ky., in good condition, and its conduct shows that such was its attitude at the time, although it refused the check of the commission house upon the ground that the defendants had not the right to order the turkeys sold. The jury has found against the plaintiff in the issue submitted to it, and the verdict is not against the weight of evidence. The judgment and order should be affirmed, with costs.

**In re WHITEHOUSE.** (Supreme Court, Appellate Division, First Department. April 17, 1914.) In the matter of Samuel S. Whitehouse an attorney. No opinion. Referred to official referee. Settle order on notice.

**WHITEHALL WATER POWER CO., Limited, et al., Respondents, v. ATLANTIC, GULF & PACIFIC CO., Appellant.** (Supreme Court, Appellate Division, Third Department. May 21, 1914.) Action by the Whitehall Water Power Company, Limited, and another, against the Atlantic, Gulf & Pacific Company. No opinion. Order affirmed, with $10 costs and disbursements. See, also, 145 N. Y. Supp. 1149, 147 N. Y. Supp. 1150.